### FRANCIS D. PROUTY *v.* TIRZAH BISHOP AND OTHERS.

#### *Wills.*

The testator, among other bequests, gave to Francis D. Prouty, for the comfortable maintenance of his daughter Polly Miller, during the term of her natural life, the use of certain specified property, including both real and personal estate, and immediately following the list of property so given, is this provision: "It is my will, and I do hereby order, that my executors, administrators and assigns, upon the decease of my daughter Polly Miller, in the division of the above named property left for her comfortable maintenance, both real and personal, do allow the said Francis D. Prouty an equal share with the male children of my daughter Tirzah, wife of Isaac Bishop, and the male children of my late daughter Almira, late wife of Dan Mather. The same I do give and bequeath unto the said Francis." *Held*, that the testator intended by said provision to make a final disposition of all the property referred to therein, by directing a division of it between Prouty and the male children of his said two daughters,—Prouty and the children taking the whole in equal proportions according to the whole number.

APPEAL from the probate court in ordering a distribution of the property of Abraham Miller, deceased.

The plaintiff introduced an agreed statement of facts, which were admitted, subject to the objection by the defendants that the facts were not pertinent, and to the admission of which the defendants excepted.

The facts agreed upon were as follows:

"1. That the testator deceased on or about the —— day of —— A. D. 1850,

2. That testator's will was drawn by one Abel Patten, a clergyman, not skilled in the use of technical terms, and little accustomed to drafting wills.

3. That Francis D. Prouty, named in said will, was the son of the testator's wife, Hannah Miller, by a former marriage, and that said Hannah was the testator's second wife.

4. That said Francis D. Prouty had lived with the testator for several years before his decease, and before the making of his will.

5. That the testator, at the time he made his will, had no son or sons then living.

6. That the whole estate of the testator inventoried at $12276.20.

7. That after paying debts, legacies, &c., aside from the trust estate devised to Francis D. Prouty for the life of Polly Miller, there was a surplus of $2261.55, which was by order of the probate court distributed under the residuary clause of the will, one-half to Mrs. Tirzah Bishop, and the other half to the children of Almira Mather,—each of the children of said Almira receiving the sum of $161.54, being 1-7th to each."

The probate court decreed to Francis D. Prouty $50., being the same sum given by the will to the male children of Almira Mather, and of Tirzah Bishop.

The will provided: 1. For payment of debts. 2. One thousand dollars for the testator's wife, and a home out of his property on the farm with his daughter Polly. 3. Ten dollars each to children of Elihu Mather. 4. Same to female children of Dan Mather. 5. Fifty dollars each to male children of Dan Mather. 6. Ten dollars each to female children of Isaac Bishop. 7. Fifty dollars each to male children of Isaac Bishop. 8. One dollar each to children of A. D. Miller. 9. In trust to Francis D. Prouty for maintenance of his daughter Polly, twenty-five shares in Springfield Bank, (Mass.,) and the use of home farm, with stock, tools, furniture, &c. The 10th provision was in these words: "It is my will, and I do hereby order, that my executors, administrators and assigns, upon the decease of my daughter, Polly Miller, in the division of the above named property left for her comfortable maintenance, both real and personal, do allow the said Francis D. Prouty an equal share with the male children of my daughter Tirzah, wife of Isaac Bishop, and the male

children of my late daughter Almira, the late wife of Dan Mather. The same I do give and bequeath unto the said Francis." 11. The rest and residue of his estate was given one-half to the children of his daughter Almira, late wife of Dan Mather, and one-half to his daughter Tirzah, wife of Isaac Bishop.

All the children above referred to as legatees were named in the will. Other facts are stated in the course of the opinion.

The Court, at the September Term, 1863, BARRETT, J., presiding, *pro forma*, adjudged that Francis D. Prouty was entitled under the will to an equal share with the male children named in the will, of said Almira and Tirzah, in the property, real and personal, which was left by the testator for the maintenance of his daughter Polly, to be divided so that Prouty and each of said male children should have an equal share of said property, and that the appellant recover his costs of the appeal. To this judgment as to the division of said property both parties excepted.

*Charles N. Davenport*, for the plaintiff, as to the general rules to be observed in the construction of wills, cited 1 Green. Ev., § 287 and note 3; 1 Phillips' Ev., 543; 1 Jarman on Wills, 363; 2 *Ib.* 742–3; *Dawes* v. *Swan*, 4 Mass. 208; *Parsons* v. *Winslow*, 6 Mass. 169; *Dow* v. *Crawford*, 3 Halst. 90.

*Field & Tyler*, for the defendants, cited in respect to the general rules of construction of wills, Redfield on Wills, 433; 2 Jarman on Wills, 741; *Button Ex'rs* v. *Am. Tract Society*, 23 Vt. 336; *Lamb* v. *Lamb*, 11 Pick. 371, 375.

It is a well known maxim that an heir at law can only be disinherited by express devise or necessary implication, and that implication must be such a strong probability that an intention to the contrary cannot be supposed. 1 Jarman on Wills, p. 465; 2 *Ib.* 740; *Hayden* v. *Stoughton*, 5 Pick. 528; *Grout* v. *Hapgood*, 13 Pick. 159; *Ferson* v. *Dodge*, 23 Pick. 293; *Scauber* v. *Jackson*, 2 Wend. 13; *Trent* v. *Hanning*, 7 East, 97; *Fullam* v. *Wickett*, Willes R. 303; Redfield on Wills, 434; *Hitchcock* v. *Hitchcock*, 35 Penn. St. R. 393. An *intention* to disinherit the heir is always necessary to raise an estate by implication. 1 Jarman on Wills, 465 and note 2; *Rosefelt* v. *Heirs of Felton*, 7 Cowen, 71; *Jackson* v. *Scauber*, 7 *Ib.* 187. The decision of the county court makes the will disinherit Tirzah Bishop,

Prouty *v.* Bishop et al.

and the female children of Mrs. Mather, while no intention to disinherit them can be found in the will. See *Cook* v. *Holmes*, 11 Mass. 530 ; *Homer* v. *Shelton*, 2 Met. 194, 198 ; *Smith* v. *Bell*, 6 Peters. 68, 75.

PIERPOINT, J.   The question in this case is as to the construction of the last will and testament of Abraham Miller, deceased.

The testator, among other bequests, gave to Francis D. Prouty, for the comfortable maintenance of his daughter Polly Miller during the term of her natural life, the use of certain specified property, including both real and personal estate, and immediately following the list of property so given, is this provision : " It is my will, and I do hereby order, that my executors, administrators and assigns, upon the decease of my daughter Polly Miller, in the division of the above named property left for her comfortable maintenance, both real and personal, do allow the said Francis D. Prouty an equal share with the male children of my daughter Tirzah, wife of Isaac Bishop, and the male children of my late daughter Almira, late wife of Dan Mather.   The same I do give and bequeath unto the said Francis."

It is in regard to the above recited clause in the will that the question arises.

There is no substantial difference between the counsel in the case, as to the general rules to be observed in the construction of wills. The intention of the testator when it can be legally ascertained, is always to govern and be carried into effect, and in ascertaining the intent, the whole instrument should be taken into consideration, and viewed in the light afforded by the situation of the party making it, the subject matter and the surrounding circumstances, and to this end the facts stated in the case as made up may properly be considered.   Indeed, no question has been made in this agreement but what such facts are properly in the case.

The provision in the will above referred to is certainly very unskillfully drawn, and the intention of the testator, whatever it may have been, is very unhappily and darkly expressed therein.   The difficulty in ascertaining the intent, is increased by the fact that the testator in the preceding part of the will, had given to the male

children of the said Dan Mather, and said Isaac Bishop, naming them, the sum of $50. each.

It is claimed by the defendants that the sole intention of the testator, by the provision above recited, was to give to the said Francis the same amount that he had before given to the said male children of the said Dan and Isaac,—that is, $50.—to be paid out of the property he had devised in trust for his daughter Polly, after her death.

If such was the intention, it is astonishing that he should have adopted such a singular mode of expressing it, when a few simple words would have expressed the idea clearly and unequivocally. He had only to adopt the same language he had twice before used, in the same instrument, in giving a similar legacy to each of the male children of two of his daughters. There was no occasion to speak of it as an act to be done in the *division* of that part of his property that was to be disposed of after his daughter's death, or to refer to that part of his property as being both "real and personal," or to specify the amount as "an equal share with the male children" of his said two daughters, an expression that is in itself equivocal, leaving it somewhat doubtful whether a sum equal to that of one of such male children, or a sum equal to that of all of said male children was intended.

Looking at the peculiar phraseology of this provision of the will, we think it quite apparent that it was not the intention of the testator thereby to give the said Francis the sum of fifty dollars only.

Taking the whole instrument together, and considering it in connection with the situation of the testator, and the surrounding circumstances, we are satisfied that it was the intention of the testator, by the ninth and tenth clauses in the will, to make a complete and final disposition of all that part of his estate which he bequeathes to said Francis D. Prouty in trust for the use of his daughter Polly.

It seems to us that the language used is consistent with no other idea. The clause under consideration contemplates a division of all such property, " both real and personal," after the death of said Polly, and directs his executors *in such division* to allow the said **Francis D.** *an equal share* with the male children of his daughters,

Tirzah and Almira. It is very evident that the property referred to as that which was to be divided, and which the said Francis D. was to share equally with the said male children, was the property the use of which the testator had in the preceding clause appropriated to the maintenance of his daughter Polly ; and it seems to us that the only rational and consistent construction that can be put upon this clause, is that the testator, by it, intended to make a final disposition of all of that part of his property, by directing a division of it between the said Francis D. and the male children of his said two daughters. The clause is very unskillfully and blindly expressed even for that purpose, but this construction makes it consistent with itself, and all the other parts of the will, while any other construction makes a large part of it a collection of unnecessary and useless words.

That there is to be a division of this property is clearly indicated, and the persons between whom it is to be divided we think are also indicated,—that is, between Francis D. Prouty and the male children of the said two daughters,—and that in such division the said Prouty is to have an equal share with such children ; not a share equal to that of the male children of each of the two daughters, but a share equal to that of each of the male children of the two daughters,—the said Prouty and the said children taking the whole in equal proportions according to the whole number.

The last sentence in this clause of the will was wholly unnecessary, and is not inconsistent with our construction. It seems to show the unskilfulness of the person who wrote the will, rather than the intention of the testator.

There is nothing unnatural or unreasonable in the bequest to Prouty. It is true he was not related to the testator by blood, but he was the son of his wife by a former husband, had long resided in his family, and secured his affection and confidence, as is evidenced by the fact that he made him the trustee of this property for the benefit of his daughter, and of his wife if she chose to reside on the farm with his said daughter, thus casting upon him considerable care and responsibility,—and in this view the bequest seems not only reable, but just.

We are not able to discover in the language of the will, or in the

surrounding circumstances, anything that would warrant us in put-
ting the construction upon this clause of the will that is claimed by
the counsel for the plaintiff. The intention is apparent that Prouty
was to share equally with the said male children, and each of the
male children was to share equally with him, and with each other.

The judgment of the county court is affirmed. As both parties
excepted and neither has prevailed, neither will take costs in this
court.

Result to be certified to the probate court.